JOHN HANCOCK MUT. LIFE INS. CO. *vs.* WILLIAM LAWDER
*et al.*

PROVIDENCE—FEBRUARY 13, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Life Insurance.  Interpleader.  Construction of Contract.*

A policy upon the life of assured was made payable to the beneficiary, as
provided in the application, but the application named no beneficiary.
The application was made by the step-mother of the assured, the latter
being eight years of age when the policy was issued.  The policy was
based upon the application.  The step-mother paid all premiums on the
policy and kept the receipt-book.  Upon the death of the step-mother
and of the assured, the fund was claimed by the representatives of both
parties.  Upon interpleader :—

*Held,* that from the facts stated the contract was made with the step-
mother, the fact that the daughter was the person insured raising no
implication in her favor as beneficiary when the contract was not made
by her and did not run to her benefit by its terms.

(2)  *Insurance.  Insurable Interest.*

The question of insurable interest can only be raised by the insurer ; and
where the latter pays the fund into court, the question is removed.

INTERPLEADER to determine right to amount due on a policy
of insurance.  The facts are stated in the opinion.

STINESS, C. J.   On a bill of interpleader the complainant
has paid into court the sum which it said is due on a policy
of insurance on the life of Katie A. Lawder.  The fund is
claimed by the executor of Mary A. Lawder, the applicant
for the policy, and also by James Reynolds, the husband and
administrator of the estate of Kate A. Lawder, upon whose
life the policy was issued.

The policy was made payable to the beneficiary, as provided
in the application, but the application names no beneficiary.

Mary A. Lawder was the step-mother of Katie A. Lawder,
a child about eight years of age when the policy was issued.
The payment of the money by the company removes the ques-
tion whether there was a misrepresentation in the applica-
tion.

(2)    The contention of respondent Reynolds is that Mary A.
Lawder, as step-mother, had no insurable interest in the life
of the step-daughter, and hence the policy could not be pay-
able to her, and must therefore be payable to the estate of the
person whose life was insured.   In *Johnson* v. *Van Epps*,
110 Ill. 551, 563, and in *Order Mut. Comp.* v. *Griest*, 76 Cal.
494, it was held that no one but the company can raise the
question of insurable interest, and that the payment of the
money into court removes this question also, leaving the dis
position of the fund to be determined simply by the contract
as made.

(1)    Looking, then, at the contract, we find that the application
was made by Mary A. Lawder, and that the policy was based
upon the application.    So far, then, she was the contracting
party.

The answer of the executor, the husband of Mary A. Law-
der, avers that she paid all the premiums while she lived, and
that he paid all the premiums afterwards down to the death
of Katie A. Reynolds.    The answer of the administrator of
Katie A. Reynolds avers that she paid the premiums in part
after her marriage.    The only proof is the receipt-book of the
company, in which the premiums on this policy are receipted
for in one sum, covering this and four other policies on the
lives of other members of the family.    We think that this fact
rebuts the inference that Mrs. Reynolds paid the premiums
separately for the policy on her life.    Having Mary A. Law-
der as the person making the contract and paying all the con-
sideration, and keeping the receipt-book as evidence thereof,
as though it was for her benefit, we think that the contract
was with her.    The fact that Katie A. Reynolds was the
person insured raises no implication in her favor as benefi-
ciary, when the contract was not made by her and did not
run to her benefit by its terms.

We are of opinion that the fund is payable to the executor
of Mary A. Lawder, and decree to that effect may be entered
without costs.

Had the question of an insurable interest been before us,

the same conclusion would seem to follow from *Cronin* v. *Vermont Ins. Co.*, 20 R. I. 570.

*McGuinness & Doran*, for complainant.

*Hugh J. Carroll, Thomas Riley, Jr., and James E. Banigan*, for respondents.