ELIZABETH M. CRONAN *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

NOVEMBER 5, 1929.

PRESENT: Stearns, C. J., Rathbun, Barrows, and Murdock, JJ.

RATHBUN, J. This is a bill to enforce a lien upon the proceeds of a policy of life insurance, of which the complainant was the original beneficiary, for the amount of

premiums paid on said policy by the complainant at the request of and under an agreement with the insured that the policy remain pledged as security for the money so paid; the bill seeks also to enforce a lien against said proceeds for the amount which complainant was compelled to pay by reason of indorsing the insured's promissory note at his request in consideration for his agreement that said policy remain pledged as security for the indorsement. The cause is before us on respondent's appeal from a decree of the Superior Court establishing a lien for the amount of the premiums paid and for the amount paid as indorser of said note and directing the respondent to pay to the complainant the proceeds of said policy with interest.

The insured was the complainant's son. It appears that the complainant paid all premiums on said policy. The sums paid total $728.28. The policy contained a clause permitting the insured to change the beneficiary. The policy remained at all times with the complainant, the original beneficiary. On February 2, 1922, the insured filed an application with the respondent to substitute as beneficiary his wife in lieu of his mother, the complainant. On February 23, 1922, the complainant, at the insured's request, indorsed his promissory note for the sum of $2,350, and the complainant contends that the consideration for the indorsement was the insured's agreement that the policy remain pledged as security to protect her from loss by reason of said indorsement. The complainant had no knowledge of the insured's intention to change the beneficiary until she received from the respondent a letter, written March 8, 1922, stating that: "The insured, Lawrence A. Cronan, under Policy No. 633357-A issued by this company, has filed with us a written notice of the designation of a new beneficiary in his policy. The Company has waived the endorsement of the policy and has noted the change of beneficiary upon its records. You are hereby notified that this company no longer recognizes you as having any interest in this policy." The insured deceased

on March 29, 1922, and about three months thereafter the respondent paid the amount due on the policy to the substituted beneficiary. The complainant immediately after the decease of the insured gave notice to the respondent that she held the policy, had paid all premiums and had indorsed said note in consideration for the insured's agreement that the policy remain pledged as security for the amount of the premiums paid and for said indorsement.

The respondent's rights are now the same as they would have been had the respondent filed a bill of interpleader instead of paying the substituted beneficiary.

The evidence warrants the finding of the trial justice that the complainant paid the premiums and made said indorsement in reliance upon the insured's agreement that the policy would remain pledged as security for such payments and indorsement; and the law is well settled that a beneficiary who pays premiums or loans money upon the security of the policy acquires in the policy a vested right which will be protected in equity against one who thereafter, without valuable consideration, becomes the substituted beneficiary. Cooley's Briefs on Insurance, 2nd Ed. Vol. 7, p. 6432 *et seq.* Although the policy contains a clause to the effect that no assignment of the policy will be recognized unless consented to by the insurance company, a beneficiary who acquires vested rights is only required to notify the insurance company of the fact before payment is made to another person.

The complainant has not been guilty of laches. She promptly reported her claim before respondent made payment to the substituted beneficiary. The respondent chose to ignore the complainant's claim rather than file a bill of interpleader. The complainant is entitled to recover from the proceeds of the policy the amount paid by her as premiums plus simple interest on each payment from the time it was made.

It is our opinion that the complainant can not recover the amount paid as indorser of the insured's note. Although

she made said indorsement on the security of the policy, she was not the beneficiary at the time the indorsement was made, and she would have known if she read the policy that the beneficiary could be changed without her consent. See *State Mut. Life Assurance Co.* v. *Bessett*, 41 R. I. 54. At the time of the indorsement she was a stranger to the policy. There should have been an assignment of the policy, consented to by the respondent. At the time the insured defrauded his mother he was without power to pledge the policy to her without an assignment because another person had been made the beneficiary thereunder.

The appeal is sustained and the decree appealed from is so modified as to require the respondent to pay to the complainant from the amount of the proceeds of the policy the amount paid as premiums, plus interest, instead of requiring payment of the amount paid as premiums and as indorser plus interest.

The parties may present for our approval a form for a decree to be entered in the Superior Court.

*James H. Rickard*, for complainant.

*Tillinghast & Lynch*, for respondent.