Edward C. Stiness, Admr. c. t. a. *vs*. Anne Brennan & Citizens Savings Bank.

MARCH 27, 1931.

Present: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

Rathbun, J. This bill in equity, involving title to a savings bank book and the account represented thereby, was heard below upon bill, answer and proof. The trial court found that respondent Brennan had obtained title by gift to said book and account; and a decree was entered dismissing the bill. The cause is here on complainant's appeal from said decree.

The complainant is administrator c. t. a. of the estate of Susan Murtagh, in whose name the account stands. On October 16, 1925, Miss Murtagh, being about to go to Ireland, left said book with her niece, respondent Brennan. On the second day thereafter she sailed for Ireland where she deceased March 18, 1929, leaving a will by which the account in question was specifically bequeathed.

The question is whether the book was merely left in the custody of said Brennan or whether the book and account were given to her as a gift *inter vivos*. Said respondent in her answer alleged a gift to herself. Having set up a gift as the reason for not delivering up the book the burden was upon her to prove the gift by satisfactory evidence. *Colangelo* v. *Colangelo*, 46 R. I. 138; *Eastman* v. *Dunn*, 34 R. I. 416 at 452.

At the time of the alleged gift Miss Murtagh was about sixty years of age. Since her arrival in this country, when she was a young woman, she had been employed as a domestic servant. She had accumulated about $11,000 which sum was the total of three savings bank accounts standing in her name. The principal of the account in question was $3,000.

The only evidence tending to establish a gift was the testimony of respondent Brennan. She testified as follows: "The conversation was she gave it to me as a gift, it was to be mine for my kindness to her. She said she had always made her home with me and spent her best days there. She wanted me to understand she was giving it to me as a gift and if she ever needed the money, I could give it to her." Said respondent further testified that there was some talk about changing the book to her name. The account was never transferred to the name of said respondent. Twice during her stay in Ireland deceased sent a written order for money and obtained all interest which had accrued. The orders were presented to the bank by said respondent's daughter. The space for the amount was left blank in the signed orders and some one filled in the exact amount of the accrued interest.

Said respondent testified that the orders for money were sent to her. Miss Diffley, who lived with deceased in Ireland, testified that she read one of the letters containing an order for money and that; "My aunt wrote to Mary Brennan (the daughter) and asked her if she would send her the interest on her bank book in the Citizens Savings Bank." The daughter did not testify. Said respondent testified that she could give no information as to the language contained in the letters. The bank book had been left with respondent Brennan on two former occasions when deceased visited Ireland and the other two bank books were on said occasions, and during the final visit to Ireland, left with another relative who also had similar orders for interest cashed for Miss Murtagh. Said relative delivered the two

bank books in his possession to the complainant when he qualified as administrator.

The testimony of said respondent that she could not remember any of the contents of the letters does not carry ·conviction. The failure to produce the daughter to testify not being explained, it is presumed that she could give no testimony beneficial to her mother.

The giving away in manner alleged of such a considerable portion of her savings of a lifetime is an unnatural act for a woman in Miss Murtagh's circumstances. We are aware that there is very respectable authority for holding that it is possible to make a valid gift *inter vivos* of a savings bank book without a written assignment or a transfer of the account. However, it is significant, as bearing upon the question of intention, that deceased knew that it would be difficult for said respondent to obtain the money without a transfer or a written assignment of the account.

The rescript of the trial justice contains a statement as follows: "Deceased left this particular book with respondent for some purpose, and never withdrew the same, and though she made two withdrawals they were not made for any specified amount, but were left to the discretion of the respondent as to the amount withdrawn. In other words, respondent exercised some dominion over the account."

An appellate court is in as good position as a trial court to draw inferences from undisputed facts and testimony. It is as reasonable to assume that deceased left the bank book for the same purpose as she left the other two bank books, that is, that some one here might present the book at the bank and draw the interest for her, as it is to assume that the book in question was left because she had given it to said respondent.

Considering all of said respondent's testimony together with the undisputed facts we are not impressed by her testimony that she was permitted by deceased to determine the amount of money to be drawn on her orders and sent to her; and we fail to comprehend in what respect said "respondent exercised some dominion over the account."

It is our opinion that said respondent has failed to sustain the burden of proving a gift.

The appeal is sustained and the decree appealed from is reversed.

The parties may present for our approval a form of decree to be entered by the Superior Court.

*Francis J. O'Brien*, for complainant.

*Arthur L. Conaty, Alfred H. O. Boudreau*, for respondent Brennan.