THE PRUDENTIAL INSURANCE CO. OF AMERICA
*vs.* JOHN TUTALO *et al.*

MAY 20, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is a bill of interpleader brought against John Tutalo and Margaret E. Hasney, administratrix of the estate of Frank W. Hasney, both of whom are claiming a fund derived from two industrial insurance policies on the life of said Frank W. Hasney with the complainant company. This fund has been paid into the registry of the court by the complainant. Answers were filed by both respondents in the superior court and, after a full hearing, decision was rendered for John Tutalo. Upon this decision awarding the fund to him, a final decree was duly entered. From this decree Margaret E. Hasney has taken an appeal.

The respondent Hasney claims that the decision of the trial court is against the law and the evidence and the weight thereof. She contends that the testimony shows that Tutalo had no insurable interest in the life of Frank W. Hasney and that he failed to prove by a fair preponderance of the evidence that he was entitled to the fund.

The question of the insurable interest of Tutalo in the life of the insured is not before us. That issue was removed when the complainant company paid the fund into court. *John Hancock Mutual Life Ins. Co.* v. *Lawder*, 22 R. I. 416.

The respondent Tutalo claims that the contract of insurance was directly with him and that the respondent Hasney has no right to receive the fund. Tutalo contends that the insurance was taken out for the purpose of protecting him for certain loans of money which he had made to the insured, and that the finding of the trial justice should be sustained.

It seems to us that the only question here is whether, upon a fair consideration of all the testimony, the trial justice was warranted in holding that Tutalo had caused this insurance to be taken out by the insured to protect him, Tutalo, for certain loans of money which he had theretofore made to the insured, and which still remain unpaid.

The trial justice found as facts that the insured at his death was indebted to Tutalo in the total amount of the policies; that Tutalo, on the advice of the company's agent,

caused these policies to be issued on the life of the insured to protect his own interest in the payment of this indebtedness; that Tutalo held the policies and paid all the premiums and that the insured designated Tutalo as his beneficiary. Unless these findings are clearly wrong and fail to do justice between the parties, they should not be set aside. *North Shore Dye House, Inc.* v. *Rosenfield*, 53 R. I. 279; *Simeone* v. *Antonelli*, 52 R. I. 41; *Dwyer* v. *Curria*, 52 R. I. 264. These conclusions of the trial justice are fully warranted by the record and we find nothing in our reading of the transcript which requires us in the interest of justice to disturb them.

The evidence clearly shows that these policies of insurance were issued on the life of the insured, Frank W. Hasney, as the direct result of negotiations between the agent of the insurance company and Tutalo and with the consent and cooperation of the insured. There is no dispute that Tutalo held the policies at all times and that he paid all the premiums; nor is there any substantial evidence in denial of the claim of Tutalo that the insured was indebted to him in the amount of the policies. It is undisputed also that, at the time the insurance was solicited, the agent of the insurance company expressly assured Tutalo that, if he would have his friend Hasney take out this insurance and if he, Tutalo, held the policies and paid the premiums, the amount of the policies would be paid to him at the death of the insured.

On these facts Tutalo is clearly entitled to the fund. He is the designated beneficiary, the holder of the policies at all times to the death of the insured, the one who paid all the premiums and the person to whom the insured was obligated for certain loans of money. In addition, the insurance company waived its right to set up the defense of insurable interest, and to elect to whom it shall make payment under the facility of payment clause, by bringing this bill of interpleader and by paying the fund into court. Legally this establishes the right of Tutalo to the fund as the

designated beneficiary in the policies. As against this, the respondent Hasney has shown no equity entitling her to receive the fund or any part thereof. There is nothing in the decision of this court in *Prudential Insurance Co.* v. *Roberto*, 53 R. I. 415, which is inconsistent with this opinion.

We find that under the law and the evidence the respondent Tutalo is entitled to the fund paid into the registry of the court.

The appeal of the respondent Hasney is, therefore, denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*McGovern & Slattery*, for complainant.

*Philip S. Knauer, Luigi De Pasquale*, for respondent Tutalo.

*Fergus J. McOsker, Frank J. Duffy*, for respondent Hasney, *Admx.*