JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY *vs.* LILLIAN HUTCHINS *et al.*

DECEMBER 16, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill of interpleader brought by the complainant against these respondents to determine their respective claims to the sum of $691.22, which sum represents the amount due and payable by the complainant under a twenty-year payment life insurance policy of the

face value of $1000 issued by the complainant on the life of Edna W. Johnson, late of Washington, Rhode Island. The insured died May 18, 1933. A decree of interpleader was entered, in accordance with which the net amount payable on the policy by the complainant was paid in the registry of the superior court. The case was thereafter heard in that court upon bill, answers and proof, and a decree was entered ordering payment of the entire fund to the respondent Lillian Hutchins. The case is before us on appeal from this decree by the respondent George L. Johnson on various grounds, his main contention being that the decree is contrary to the evidence and the weight thereof.

The testimony shows that the respondent George L. Johnson and the insured, Edna W. Johnson, were married July 4, 1910. Johnson testified that shortly after their marriage he and his wife agreed that, for their mutual protection, each would take out an industrial life insurance policy payable at death to the other, "to take care of the expenses", and that he would pay the premiums on both policies; that this agreement was carried out and two such policies of the complainant company were kept in force by him until 1921, that in that year, he and his wife, renewing their agreement of 1910, agreed to change the form of their insurance and substituted for the industrial policies then in force two $1000 twenty-year payment life insurance policies of the complainant company in which, as before, each insured was the designated beneficiary in the policy on the life of the other, so that such beneficiary "would have this insurance money to pay the expenses."

Johnson also testified that the premiums on these new policies were always paid with his money; that late in 1931 he was obliged to cancel the policy on his life because of nonemployment but that he continued to pay the premiums on the policy on his wife's life until her death in May 1933; that shortly after he dropped his policy, he heard from outside sources that his wife had substituted one Rose Gileau, a boarder, as the beneficiary in her policy; that, notwith-

standing this information, he continued to pay the premiums on his wife's policy for the sake of family peace; and that he did not know until after his wife died that she had again changed the beneficiary by making the policy payable to her sister, the respondent Lillian Hutchins. He further testified that his wife kept her policy with some of his papers in a tin box to which both had a key; that he never looked at his wife's policy as he relied on her promise that he was and would continue as the beneficiary named therein; that the policy always was in their common possession, and that she must have changed the beneficiary to Lillian Hutchins when she last went to the hospital for an operation.

The evidence shows that the insured had been in ill health and in a highly nervous condition for some years; that she had undergone two operations in different hospitals; and that, especially during the last few years of her life, her judgment was easily swayed by catering to her desires. It also appears in evidence that, the day before her death, she had made an appointment with an agent of the complainant for the purpose of again changing the beneficiary in her policy. When the agent went to keep this appointment, he found that she had just died.

The respondent Lillian Hutchins did not testify. What connection, if any, she had in effecting the change that named her as the beneficiary under the policy does not appear in evidence. Her case rests solely upon the policy in evidence, and upon her counsel's cross-examination of the respondent Johnson and his witnesses, in which he attempted to establish that the insured had paid the premiums on the policy with her own money. A close examination of the evidence on this point leaves it undisputed that all the premiums were paid by Johnson.

The policy shows that the complainant issued this $1000 twenty-year payment policy on the life of the insured, Edna W., Johnson, on April 27, 1921, and that the beneficiary named therein at that time was "her husband, George John-

son", in conformity with the application thereto attached. The policy calls for the payment of an annual premium of $33.37 on April 27th of each year. From an indorsement on the policy it appears that on May 1, 1924, the insured applied for a loan on the policy, and that in such application she again named "her husband, George Johnson", as the beneficiary, subject to the rights of the complainant if the loan were granted. A second indorsement shows that the loan was made by the complainant and the policy assigned to it as security therefor on May 6, 1924. This loan was not paid during the lifetime of the insured. There are two changes of beneficiary indorsed on the policy; one to "Rose Gileau, friend", on November 3, 1931, and the other to "Lillian Hutchins, sister", on September 1, 1932.

At the conclusion of the hearing, the trial justice decided in favor of Lillian Hutchins and denied Johnson all relief in language that is quite inconsistent. In one place he says that Johnson "might be entitled to a part" but not to all the insurance money; in another, that "he must have some lien on that property for what he paid", and then he finds that as the insured, in 1921, did not say to her husband: "You can have the policy if you pay the premiums", or words substantially to that effect, there was no basis for such a lien in favor of Johnson and awarded the entire sum due under the policy to Lillian Hutchins. This finding of the trial justice is contrary to the undisputed evidence in the case and, therefore, clearly erroneous.

In this state of the record, it is necessary for us to draw our own conclusions from the uncontradicted evidence in the case before we can determine the respective rights of the respondents. These conclusions are as follows. (1) Johnson and his wife did promise and agree with each other, in 1910 and again in 1921, to take out insurance on their respective lives for their mutual protection, the husband to pay all premiums, so that, on the death of either, the survivor would have the proceeds from the insurance policy of the deceased to meet the expenses incidental to that event.

No specific words are necessary to establish such an agreement if the facts, reasonably construed, show that the agreement was actually made. (2) Johnson carried out his agreement until late in 1931, when he was obliged to abandon his policy because of nonemployment. He paid the premiums with his money on both policies during all this time, and thereafter continued to pay the premiums on his wife's policy until her death. The evidence warrants no other conclusion, especially since his credibility is in no way questioned by the trial justice. (3) The insured apparently considered herself free to change the beneficiary in her policy when her husband abandoned his policy, for on November 3, 1931, she named Rose Gileau as her beneficiary. (4) The insured was within her rights when she named Lillian Hutchins as the beneficiary in her policy on September 1, 1932.

The respondent Lillian Hutchins urges three grounds in support of the decision by the trial justice: first, Johnson did not pay the premiums on the policy; second, he did not have possession of the policy; and third, he was a stranger to the policy when the insured died. The first and second grounds are without merit. They are clearly denied by the uncontradicted evidence in the case and by our findings therefrom, which we have already fully set forth. The third ground raises the vital question in the case.

In considering the issue thus raised, we point out that we are not dealing with an industrial life insurance policy and a facility of payment clause, but rather with a straight contract of life insurance which gives to the insured the right to name and change the beneficiary, who, when so named in accordance with the terms of that contract as recited in the policy, is entitled, at law, to receive from the insurer whatever sum is due under the policy at the death of the insured. The instant case, however, is not an action at law but a suit in equity, and both respondents, in their answers to this bill of interpleader, join the complainant in its prayer

to "determine the title to the proceeds of said policy and the disposition thereof."

In view of the special circumstances in this case, which are established by undisputed evidence, we are of the opinion that in equity and justice, Lillian Hutchins, who paid nothing to keep the policy in force and who probably would not have been the last-named beneficiary in the policy if the death of the insured had not intervened, is not entitled to the entire amount that the complainant admits is due and payable under the policy. We find nothing in *Cronan* v. *Metropolitan Life Ins. Co.*, 50 R. I. 323, and *Prudential Life Ins. Co.* v. *Tutalo*, 55 R. I. 160, cited by the respondent Lillian Hutchins, which applies to the facts now before us.

The policy in the instant case came into existence by reason of the special agreement between Johnson and his wife in 1921; he was the original beneficiary named in the policy and continued as such from 1921 practically through 1931, when he no longer could carry out the agreement for a cause beyond his control; relying upon that agreement, he paid all premiums on the policy with his own money during this entire period; and he voluntarily continued paying the premiums on his wife's policy until her death, which made it possible for her to first substitute Rose Gileau and then Lillian Hutchins as beneficiaries in her policy. This unbroken chain of circumstances, so clearly proven by the uncontradicted evidence, establishes an equitable lien for reimbursement in favor of Johnson on the fund in the registry of the court for all premiums paid by him, from the date of the policy, April 27, 1921, to and including 1931.

The premiums, at $33.37 a year, which Johnson paid during this entire period, or eleven years, amount to $367.07. The balance of the fund in the registry of the court is to be paid to Lillian Hutchins in accordance with law.

For the reasons stated, the appeal of the respondent George L. Johnson is sustained and the decree appealed from is reversed.

On December 22, 1937, the parties may present to us for

approval a form of decree to be entered in the superior court.

*George Hurley,* for complainant.

*Quinn, Kernan & Quinn, Michael DeCiantis,* for respondent Hutchins.

*Roland E. Meunier, Joseph R. McKanna,* for respondent Johnson.