AARON PARNESS et al. vs. SOPHIE WEINER.
ABRAHAM KAPLAN et al. vs. EVA PARNESS et al.
SAMUEL ROIFF et al. vs SAME.
JULY 21, 1950.
PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   These three suits in equity were brought to enjoin the respective respondents from improperly calling the complainants on their telephones in a manner that is alleged to have constituted a continuing trespass or nuisance.   On motion the cases were consolidated for trial and were heard together before a justice of the superior court.   Thereupon decrees were entered denying and dismissing both the bill of complaint and the cross bill in the case captioned Aaron Parness et al. v. Sophie Weiner, and granting the injunctive relief prayed for in each of the other two bills of complaint.   Each case is before this court solely on an appeal from the decree therein duly prosecuted by Aaron and Eva Parness.

In the case of Aaron Parness et al. v. Sophie Weiner, hereinafter called the Parness case, the complainants are Aaron Parness and Eva Parness, husband and wife.   The named respondent was Sophie Weiner, but on her motion her husband was added as a respondent and they filed an answer

including a cross bill against the complainants and also against the New England Telephone and Telegraph Company. In the cases of Abraham Kaplan et al. v. Eva Parness et al., hereinafter called the Kaplan case, and Samuel Roiff et al. v. Eva Parness et al., hereinafter called the Roiff case, the complainants are husband and wife respectively, and the bills of complaint were not brought until after the Parness case had been commenced. These bills contained substantially the same allegations as appear in the Weiners' cross bill and the complainants were represented by the same attorney. The respondents Parness filed only an answer in each of these two cases. Replications were filed in all the cases and they were heard together on those pleadings. At the conclusion of the evidence and without objection a decree was entered discontinuing the cause without costs as to the New England Telephone and Telegraph Company.

It appears in evidence that all the contesting parties were once friendly but difficulties arose and the friendship was breached. The Weiners, Kaplans and Roiffs, who remained friendly with each other, became unfriendly to Eva Parness and so acted throughout the proceedings. The Weiners had been tenants in the house purchased by Mr. and Mrs. Parness who stated that when the Weiners were requested to vacate about four to six years ago Mrs. Weiner thereafter began to call the Parness' telephone number frequently to annoy them by anonymous calls. When they would lift their receiver, the person who initiated the call would either hang up without talking or would curse them, sometimes in English and sometimes in Jewish. The receipt of such calls was verified by another witness. Complainants Parness also testified that previously they had frequently talked with Mrs. Weiner on the telephone; that she had an impediment which distinguished her speech; and that they knew her voice and recognized her as the one who kept calling and repeating the scurrilous and cursing language.

On the other hand the Weiners by their answer and testimony denied making any such calls to complainants' telephone and denied uttering such language. They countercharged by a cross bill that Eva Parness had persisted for several years in doing precisely what she was asserting falsely against the Weiners. Evidence by and for them was presented to the effect that Eva Parness telephoned in that manner to other people with whom she had similar difficulties while they were living in the Parness house; that from previous telephone conversations and otherwise they were familiar with her voice; that it was distinguishable because of a particular dialect spoken in the locality in Europe from which she had come; and that Eva Parness was the person who perpetrated these continuing, annoying and scurrilous calls. Similar testimony was given by Mrs. Kaplan and Mr. Roiff, who also corroborated the Weiners in that the objectionable calls ceased when Eva Parness was in mourning and on days when she was away on vacation; but that otherwise they were resumed and continued.

Eva Parness had registered complaints with the telephone company over a period of time, and Messrs. Weiner, Kaplan and Roiff also had gone together to the company to complain. The company tried to locate the source of the objectionable calls by putting a tape recorder on the telephone line of each party respectively at different times. There was no voice recording and the information was not conclusive as to identity. However, it presented evidence, for example, that on March 5, 1948 five calls had been made to the Parness telephone number and three to the Kaplan number from the party line of the Weiners. It was shown by evidence that the other two parties on the Weiner line had made no calls to Eva Parness, or the Kaplans, or the Roiffs. On that date no outgoing calls were recorded from the Parness telephone to any of the three telephone numbers of the other parties. On other dates, however, there was evidence of witnesses that calls from complainants Parness were made to all three of the other parties.

The trial justice reviewed the evidence to the extent he felt was necessary and found in the Parness case that neither the complainants nor the respondents had come into court with clean hands. In effect he found both had participated in similar conduct that barred them from obtaining affirmative relief as prayed. He therefore denied both the bill and cross bill in that case. However, he commented favorably upon the attitude and bearing of Mr. Roiff and Mrs. Kaplan who were the only complainants testifying in their respective cases. On all the evidence in those two cases he concluded that complainants had established by ample evidence that they and their respective spouses were without fault and were entitled to have Eva Parness enjoined from perpetrating a continuing nuisance by the improper use of the telephone as alleged.

The reasons of appeal filed in each case by Aaron and Eva Parness are numerous but are argued under general points and we shall consider them accordingly. Appellants contend in substance and effect that the trial justice misconceived the testimony in their case, especially that relating to the tape recording by the telephone company; that he erroneously used the testimony in that case to support the evidence in the Kaplan and Roiff cases; that at least in the latter two cases there was no corroboration of the identity of the caller or substance of the telephone calls, because the testimony of Mrs. Kaplan as to calls she received on her telephone could not corroborate what Mr. Roiff elsewhere had heard on his own telephone, or vice versa; and that although Mr. Kaplan and Mrs. Roiff did not testify to the receiving of any calls the decree nevertheless granted injunctions in their favor.

We have examined the transcript of evidence and we cannot say that the trial justice was clearly wrong in deciding upon the conflicting evidence in the Parness case that neither party had come into court with clean hands. While certain of the tape recordings of the telephone company for one day tend to support in some respect allega-

tions of complainants Parness, they are not, according to the company's agent, conclusive as to the identity of the person who initiated the calls or of the substance thereof, or as to other days; and the recorder was not put on all lines at the same time. On the other hand there was evidence for each party that the voice of the other was positively known and identified as the instigator and maker of these anonymous calls indicating participation by both. The trial justice had the opportunity to see and hear the witnesses and his findings on conflicting evidence are entitled to great weight unless they are clearly wrong. In our judgment the appellants' argument is addressed more to the weight to be given the evidence of interested witnesses than to a misconception thereof by the trial justice. From our examination of the evidence as a whole we cannot say that his decision was clearly wrong in denying both the bill and cross bill in the Parness case.

It is further argued that the evidence in the Kaplan and Roiff cases is uncorroborated; that the testimony of Mrs. Kaplan as to the calls which she allegedly received on her telephone would not corroborate testimony of Mr. Roiff regarding calls allegedly received by him on his own telephone, or vice versa; that such uncorroborated testimony is insufficient to sustain a bill for injunctive relief; and finally that the trial justice was led to a confusion or misconception of the evidence by improperly applying in the Kaplan and Roiff cases evidence that should have been confined to the Parness case.

In our opinion the trial justice was not restricted merely to the testimony of the complainants in the Kaplan and Roiff cases, as appellants argue. All three cases were consolidated for trial and were heard together. No specific objection thereto is pressed in the reasons of appeal. Therefore the evidence as a whole may be considered in connection with each case. In our opinion the trial justice was not in error in using all the testimony in the record

to arrive at his decision in any of the cases and there was no misconception of evidence on that account.

It is true that no witness other than Mrs. Kaplan really heard and identified Eva Parness as the instigator of the calls to the Kaplan telephone. A similar situation exists in the Roiff case as Mrs. Roiff did not testify. However, there was evidence, if believed, to establish at least the disposition of Eva Parness to indulge in such conduct and to use the same identified curses against other people with whom she had similar difficulties. To this is added the further fact that such calls significantly stopped whenever Eva Parness was in mourning for her dead, and also when she was in Florida on vacation. If all this evidence is believed and considered with the positive identification of the voice of Eva Parness by Mrs. Kaplan and Mr. Roiff respectively, and the favorable comment of the trial justice as to the latter's credibility, it would not be unreasonable to infer that Eva Parness was the maker of the objectionable calls in these two cases.

We concede that neither Mr. Kaplan nor Mrs. Roiff testified to receiving any calls from Eva Parness on the listed telephones where they and their respective spouses received calls. In the circumstances, however, we see no prejudicial error in granting an injunction to the two complainants in each of the Kaplan and Roiff cases where an injunction in favor of one of the complainants in each case was properly entered and would naturally and effectively bar the respondents from wrongfully calling the listed telephone where such complainant received telephone messages. In view of the trial justice's comment in which he passed favorably upon the credibility of Mr. Roiff and Mrs. Kaplan, and the absence of such favorable comment as to Mrs. Parness and Mrs. Weiner, and considering the background and evidence of the cases as a whole, we cannot say that the trial justice was clearly wrong in granting the relief prayed for in the Kaplan and Roiff cases.

The appeal of Aaron and Eva Parness in each of the

three causes is denied and dismissed, the decrees appealed from are affirmed, and each cause is remanded to the superior court for further proceedings.

*John P. Cooney, Jr., M. Louis Abedon,* for Aaron and Eva Parness.

*Kirshenbaum & Kirshenbaum,* for Abraham and Fannie Kaplan, Samuel and Freda Roiff, and Sophie and Max Weiner.