## MODERN WOODMEN OF AMERICA v. BRENNAN et al.

Civ. A. No. 1318.

United States District Court
D. Rhode Island.
March 31, 1953.

---

Eugene J. Phillips and Marshall Swan, Providence, R. I., for plaintiff.

Edward F. Hindle, Providence, R. I., for Esther J. Brennan.

Edward F. Dwyer, Woonsocket, R. I., for Katharine C. Brennan.

LEAHY, District Judge.

This is an action of interpleader by the plaintiff, Modern Woodmen of America, a legal reserve fraternal benefit society organized as a corporation under the laws of the State of Illinois, and is brought against the interpleaded defendants, Katharine C. Brennan and Esther J. Brennan, the sister and widow, respectively, of John Joseph Brennan, whose life had been insured under a benefit certificate issued by the plaintiff.

The jurisdiction of the Court is based on the provisions of the Interpleader Act of 1948, 28 U.S.C.A. § 1335.

The matter was submitted to the Court for decision on a partially agreed statement of facts, on the oral testimony of defendant Katharine C. Brennan, oral arguments, and briefs.

The agreed facts are substantially as follows: on May 12, 1916, in compliance with an application for insurance by John Joseph Brennan, the plaintiff issued to him a benefit certificate providing for the payment upon his death of $1,000 to Mary Ann Brennan, his mother. Thereafter, on April 17, 1931, the plaintiff issued to the insured a 20-year payment life certificate in exchange for the certificate which had previously been issued to him. On this new certificate the insured's mother was again designated as beneficiary. On January 26, 1943, the insured married defendant Esther J. Brennan in Yuma, Arizona. On July 28, 1943, the insured's mother died, and on March 19, 1950, the insured died.

The applicable section of the by-laws of the plaintiff, governing the distribution of death benefits in the event that a sole designated beneficiary predeceases the insured, provides in part as follows:

"Sec. 29c. If, however, in the event of the member's death there is no principal or contingent beneficiary designated in the certificate who is eligible to receive payment under the provisions of these By-laws, then the amount to be paid under any such certificate or rider shall be payable to the member's widow or widower."

The claim of the widow here is based on the provisions of this section.

The claim of the insured's sister is based on the fact that she has paid all the premiums on these certificates, and that she paid said premiums with the expectation that, in the event her mother should predecease the insured, she, the sister, would receive the proceeds of the certificate upon the insured's death. Because it now appears, however, that the by-laws of the plaintiff provide for the payment of these proceeds to the widow, the sister is demanding a return of all the premiums paid by her. She contends that she has an equitable lien therefor upon the proceeds, which have been deposited by the plaintiff into the Registry of the Court.

At the trial of the case the sister testified that shortly after the death of her mother, an agent of the plaintiff advised

her that a new beneficiary need not be designated on the benefit certificate, since the proceeds of the certificate would be payable, upon the death of the insured, to the heirs of the mother, i. e., to defendant Katharine C. Brennan and her sisters. This arrangement was satisfactory to Katharine, and a new beneficiary was therefore never designated on the certificate. At the time that this arrangement was agreed to, neither the agent nor Katharine knew of the insured's marriage, and Katharine did not learn of the marriage until three days prior to the insured's death.

It is conceded by counsel for the widow that the insured's sister is entitled to an equitable lien upon the proceeds of this certificate as to those premiums, amounting to approximately $240, paid by her after the death of her mother. Thus the only question requiring a determination by the Court is whether or not the sister is entitled to a further lien upon said proceeds for the amount of the premiums paid by her prior to her mother's death. The allowance of this additional lien would exhaust the balance of the proceeds now available for distribution, the original fund having become diminished by the payment to the plaintiff of the court costs and fees expended by it in commencing this action. The widow contends that the payment of these premiums was made by the sister voluntarily and at a time when she had no insurable interest in the benefit certificate.

Counsel for the widow has cited several authorities in support of the rule that one who voluntarily pays the premiums on a policy, without having any agreement with the insured or beneficiary, cannot recover the amount of the premiums so paid. Novosel v. Sun Life Assurance Co. of Canada, 1936, 49 Wyo. 422, 55 P.2d 302; Appleman, Insurance Law & Practice, § 923; Couch, Cyclopedia of Insurance Law, § 350. But the rule allows for an exception, and this exception operates when an agreement has been made between the payor of the premiums and the insured or beneficiary. John Hancock Mut. Life Ins. Co. v. Hutchins, 1937, 59 R.I. 376, 195 A. 482; Cronan v. Metropolitan Life Ins. Co., 1929, 50 R.I. 323, 147 A. 618. Furthermore, the question of whether or not a party to an action had an insurable interest in the life of an insured is removed from the controversy when the insurer pays the fund into court. Prudential Ins. Co. v. Tutalo, 1935, 55 R.I. 160, 178 A. 859; John Hancock Mut. Life Ins. Co. v. Lawder, 1901, 22 R.I. 416, 48 A. 383.

In the instant case the evidence discloses the existence of an agreement, or an understanding, between the sister, her mother, and the insured, to the effect that upon the death of the insured the proceeds of this certificate were to belong to the mother, or, if she failed to survive the insured, then to the sister, in repayment for money lent to the insured by both the mother and the sister.

While the question of the sister's insurable interest has been removed from the controversy by the payment of the fund into Court, it is clear from the existence of this agreement that the sister did have an insurable interest in these certificates.

Upon consideration of all the facts of this case, the Court is satisfied that the existence of the agreement here between the sister, her mother, and the insured is sufficient to entitle the sister to an equitable lien upon the proceeds of this certificate, for all the premiums paid by her from the time the original certificate was issued. John Hancock Mut. Life Ins. Co. v. Hutchins, supra; Cronan v. Metropolitan Life Ins. Co., supra.

Judgment shall be entered for the sister, Katharine J. Brennan, and her counsel may prepare for the signature of the Court a proposed form of an appropriate order in accordance with this opinion.