JOHN MARANDOLA *et al. vs.* NORMAN BEAUREGARD *et al.*

MARCH 25, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This bill in equity was brought to enjoin the respondents, as owners of a pond and drainage area above complainants' land, from causing an unnatural flow of water on to their land and to recover damages for injury already incurred by them. The cause was heard by a jus-

tice of the superior court, and thereafter a decree was entered denying and dismissing the bill of complaint. From this decree the complainants have claimed an appeal to this court.

It appears from the record that a natural watercourse or brook has from time immemorial flowed from a pond on respondents' land across the land of several abutting owners. The water passes beneath a highway in the town of Narragansett by means of a town-maintained pipe, then across the land of complainants and beneath another town road, and eventually discharges into the Pettaquamscutt River.

The complainants herein bought their land from respondents, who were the developers of the area known as Pettaquamscutt Lake Shores. All of the land in question was originally owned by respondents. At the time complainants purchased their lot it was considerably lower than the adjacent town highway on the uphill side. As this condition was unsatisfactory to complainants who planned to build upon the land, they filled in their lot and laid a pipe from the town-maintained duct across the length of their land. This pipe apparently did not follow the original water-course, and there is evidence that there was a bend at some point in the pipe. This pipe was then covered with fill so that the course of the brook was entirely underground from the point at which it entered complainants' land to the point at which it left.

The flowage of this brook varied with the seasons, being completely dry part of the year and carrying off a considerable amount of water during the rainy seasons. It appears from the record that flooding has occurred in the area immediately surrounding complainants' land periodically since 1953; that in the spring of 1958 flooding took place so that the town highway, complainants' land, and the adjacent land were under water; and that the flood-

440

ing resulted from a blockage in the pipe passing through complainants' land.

As we understand them, complainants contend that the blockage in the pipe was merely the indirect cause of the flooding, and that the direct cause was a deepening by agents of respondents of the drainage ditch leading from the pond and their filling in the pond by allowing debris to be dumped into it, thus raising the water level and resulting in an unnatural and unusual flow of water.

The trial justice in his decision concluded that there was a complete failure of evidence as to whether or not the pond had been filled in. He further concluded that complainants were the cause of their own difficulty when they undertook to convey the water across their property through a pipe rather than along its natural course, stating, "I * * * can not find that the complainant has proved by a fair preponderance of the evidence the allegations in his bill * * *."

"It is well settled that in equity causes the findings of fact made by a trial justice on conflicting evidence will not be set aside unless they are clearly wrong and fail to do justice between the parties." *Walther* v. *McOsker,* 87 R. I. 386, 142 A.2d 128, 130. We have examined the transcript carefully and are unable to perceive that the trial justice either overlooked any material evidence or misconceived any pertinent proposition of law. Therefore we cannot say that he was clearly wrong in concluding that the complainants had not proved the allegations set out in their bill by a preponderance of the evidence.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*M. James Vieira,* for complainants.

*James O. Watts,* for respondents.