Robert T. Flynn, *Adm'r vs.* Jane L. Byrne.

JUNE 4, 1954.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity to declare the respondent a trustee of certain joint bank accounts and for other relief incidental thereto. The cause was heard in the superior court on amended bill and answer. At the conclusion of the complainant's evidence the trial justice, on the respondent's motion, dismissed the bill on the ground "that upon the facts and the law the complainant has shown no right to relief * * *." A final decree to that effect was duly entered from which the complainant has appealed to this court.

The complainant contends that the trial justice erred in granting the motion to dismiss because the evidence made out at least a prima facie case in support of the bill, thus rendering it necessary for respondent to go forward with evidence to prove her ownership of the bank accounts. On the other hand, respondent contends that on the pleadings and the evidence there was no question of fact for the trial justice to determine and therefore he properly granted the motion to dismiss in accordance with the provisions of public laws 1951, chapter 2745. A brief summary of the pleadings and that chapter will help in understanding those contentions.

Chapter 2745 is a recent innovation in equity practice in the superior court. It confers upon a respondent the right to move to dismiss a bill of complaint at the conclusion of the complainant's evidence on the ground that on the facts and the law he has shown no right to relief. The chapter further provides that a respondent may make such motion without waiving his right to offer evidence if it is denied. In the event, however, that such motion is granted the decree of dismissal is to have the same effect as a nonsuit at law.

The pleadings consisted solely of the bill and answer. No replication to the answer was filed. The bill alleged that complainant was administrator of the estate of Mary E. Flynn, who died intestate November 16, 1950; that she had four bank accounts in certain banks in the city of Provi-

dence; that she had caused respondent's name to be added to three of those accounts; that she closed the fourth account and opened a new one in her own and respondent's names; and that each of such accounts was payable to either or the survivor of them. The respondent's answer admitted the first allegation and neither admitted nor denied the others but left complainant to his proof.

The bill further alleged that said accounts were entirely the property of Mary E. Flynn; that she maintained control over them and that respondent never exercised such control; that during Mary E. Flynn's lifetime she maintained possession of the bankbooks; that when these accounts were changed she was a patient at the Rhode Island Hospital; and that she at no time made valid gifts *in praesenti* of such accounts or any part thereof to respondent. In her answer respondent denied each of those allegations.

At the hearing in the superior court complainant introduced evidence in support of the allegations which respondent had neither admitted nor denied. He thereupon rested without presenting any evidence in support of the material allegation that his intestate at no time made valid gifts *in praesenti* of such accounts or any part thereof to respondent, which allegation respondent had specifically denied. At the conclusion of his evidence, all that appeared was that originally respondent's name was not on the bank accounts; that she had never deposited any of her money therein; that the accounts had been changed as alleged in the bill; and that at intestate's death they stood in the names of Mary E. Flynn or Jane L. Byrne "payable to either or the survivor of them."

On that evidence respondent claimed that complainant had shown no right to relief and moved to dismiss pursuant to chapter 2745. The complainant contended that he had made out a prima facie case which required respondent to go forward with evidence to support her claim of ownership of the bank accounts. Apparently he based such contention

on the fact that having denied the allegation in the bill that Mary E. Flynn did not make a valid gift *in praesenti* of such accounts, respondent had the duty of disproving that allegation by showing that such a gift had been made to her.

The complainant further argues that on a motion to dismiss under chapter 2745, as on a motion for nonsuit at law, his evidence must be viewed and all reasonable inferences drawn therefrom most favorably to him. That contention is correct. However, he further argues that when the evidence is thus viewed it clearly appears there is a prima facie case for relief and, therefore, the trial justice erred in granting respondent's motion to dismiss. We do not agree with that argument.

As we view the evidence, in accordance with the above rule, it fails to make out a prima facie case in support of the material allegations which were specifically denied in the answer. It was complainant's duty to prove such allegations and not respondent's duty to disprove them. It is an old and honored maxim of the law that the necessity of proving rests upon him who sues. Allegations, if material and not mere surplusage, must be proved; and facts not alleged may not be proved. This is but another facet of the rule that there must be conformity between the *allegata* and the *probata*. See *Atlantic Fire & Marine Ins. Co.* v. *Wilson, Gall & Co.*, 5 R. I. 479.

Applying that principle to the case at bar, complainant had the duty of proving the material allegation of his bill: "That said Mary E. Flynn at no time during her lifetime made valid gifts inter vivos to the Respondent in praesenti, of said bank accounts or any part thereof." This duty could not be avoided by relying upon his sworn bill as evidence or by treating the denials in respondent's answer as in effect affirmative defenses. An allegation even though sworn to in the bill of complaint has no probative force of itself but must be proved if denied by the answer. It has been held in other jurisdictions that allegations in a sworn

bill are not affirmative evidence in favor of the complainant. *Taylor* v. *Weingartner,* 223 Mass. 243; *Roberts* v. *Miles,* 12 Mich. 297; *Neal* v. *Odle,* 308 Ill. 469, 473. In the last-cited case the court said: "It is also the rule that a sworn bill is not evidence for the complainant, and that under such a bill he is required to prove all of the material allegations therein contained not admitted by the answer."

In the case at bar complainant's evidence showed that the bank accounts were payable to the survivor and that respondent as such survivor had exercised full dominion over them. Notwithstanding the form of the accounts, complainant alleged that they were "entirely" the property of his intestate and that she at no time had made a valid gift thereof *in praesenti* to respondent. Those are material allegations and indeed the latter is of the very essence of the controversy between the parties. Nevertheless complainant did not present any evidence in its support and now claims, as above stated, that the burden of going forward with evidence and the burden of proof thereof was on the respondent.

In the state of the pleadings here there was no necessity for respondent to go forward with the evidence. The form of the bank accounts according to complainant's allegations and evidence showed that respondent as the survivor was entitled to demand payment of those accounts. Under our law governing such accounts the form of the account is prima facie evidence of the ownership thereof by the survivor upon the death of the other joint owner. *Raferty* v. *Reilly,* 41 R. I. 47. See also *Marston* v. *Industrial Trust Co.,* R. I., 107 Atl. 88. The form, however, is not controlling. *People's Savings Bank in Providence* v. *Rynn,* 57 R. I. 411. It may be rebutted by evidence tending to show that the name of the survivor was added to the account by the original owner for his convenience and not with the intention of making a gift of an interest therein to the survivor or that the original owner's intention was to vest an interest

in the survivor only after the owner's death. There are numerous cases in our reports where the question at issue was whether the evidence was sufficient to establish one or the other of those reasons for the form of the account and thus avoid its effect. But we are aware of no case where, in the absence of such evidence, the form of the account has been held insufficient to establish ownership in the survivor.

In the case at bar, since no rebutting evidence of the above nature was presented by the complainant, he did not make out a prima facie case which required respondent to present evidence in support of the form of the accounts. Consequently on the facts in evidence before him and the law applicable thereto, the trial justice did not err in granting the respondent's motion to dismiss.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Flynn & Leighton,* for complainant.

*Walter J. Hennessey, Joseph Goodman,* for respondent.