WILLIAM J. CONLEY *vs.* LAWRENCE A. MCCARTHY *et al.*

APRIL 13, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for an alternative writ of mandamus to require the respondents to restore the petitioner to his former position as an employee of the city of Pawtucket, from which he was dismissed on April 2, 1954. It is before us on the respondents' appeal from a final decree or judgment of the superior court granting the petition and ordering such restoration.

An examination of the transcript discloses the following facts. The petitioner began his employment with the city in 1933 and, with the exception of the period from 1940 to December 1945 during which he served as manager of the Federal Housing Project in Pawtucket and as assistant di-

rector of protection for the State Council of Civil Defense, and thereafter in the military service of the United States, he was continuously employed by said city until his dismissal on April 2, 1954. On that date written notice of his dismissal was given to petitioner by a special delivery letter signed by William G. Carden, then acting tax assessor. No reason therefor was stated in the letter.

The respondents, in opposing the petition, rely primarily on two contentions: First, that petitioner cannot maintain the instant action of mandamus because he has failed to exhaust the administrative remedies available to him under the newly-adopted city charter; and secondly, that since the position formerly held by petitioner has been abolished by a general reclassification plan, the court has no authority to compel the city of Pawtucket to reinstate petitioner.

In support of its first contention respondents rely on the following two provisions of the charter to show that petitioner has a right of appeal thereunder, which he has failed to pursue before instituting the instant proceeding.

Article IV, chapter 11, section 4-1100, provides:

"It shall be the duty of the Personnel Board to:
* * *

(6) Hear appeals from any action of the Personnel Director by any persons claiming to be injured by his ruling, and to make such orders after said hearings as it shall deem necesary."

Article VII, section 7-108, provides:

"The Personnel Board shall hear and dispose of appeals as provided in this charter. Any employee who is *dismissed or demoted after completing his probationary period of service,* or who is suspended for more than fifteen days in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the Personnel Board for review thereof. Every appeal shall be heard promptly. Upon such review, both the appealing employee and the appointing authority involved shall have the right to be heard publicly, to be represented by counsel, and to present evidence;

but technical rules of evidence shall not apply. The Board's decision shall be filed in writing with the Personnel Director and shall contain findings of fact which in the absence of fraud shall be conclusive. If the Board sustains the appeal of the employee, it shall order the reinstatement of the employee in his position with or without loss of pay for the period of his suspension, or direct that he be appointed to a position of equal status in the same or any other office, department, board or commission. If the Board overrules the appeal of the employee, it shall confirm the action of the appointing authority which shall be final as of the date it was taken. The Board's decision shall be reviewable by the Supreme Court on a petition for a writ of certiorari filed within thirty days after the entry of the decision by the Board." (italics ours)

We agree with the respondents' contention that petitioner must exhaust any available administrative remedies before he can resort to mandamus. *New England Tel. & Tel. Co.* v. *Kennelly*, 75 R. I. 422; *Scott* v. *Hope - Olney Realty, Inc.*, 83 R. I. 331, 116 A.2d 461. However, from a careful examination of the charter and particularly the sections above referred to and relied upon by respondents, we are of the opinion that in the circumstances of record petitioner has no right of appeal to the personnel board as contended.

Under art. IV, chap. 11, sec. 4-1100, *supra,* the petitioner may appeal to the board from any action of the personnel director. But here the petitioner's action is based upon his dismissal by the acting tax assessor William G. Carden, and not by the personnel director. The charter apparently provides no appeal from the action of such subordinate officer.

As to art. VII, sec. 7-108, the petitioner is not an "employee who is dismissed or demoted after completing his probationary period of service" and therefore he is not entitled to appeal to the personnel board thereunder. He was, as found by the court and as conceded by respondents, a temporary employee at the time of his dismissal. Since,

according to the petition for mandamus, the charter became effective on February 1, 1954, petitioner is also made a temporary employee by the provisions of art. X, chap. 4, sec. 10-404, which read as follows:

"All persons in the employ of the City after the effective date of this charter shall be temporary employees until permanent employees are appointed after qualifying or competitive examinations, given pursuant to Article VII for the particular positions."

A further examination of the record discloses that petitioner was dismissed by an official who had no authority to make such dismissal under the charter. Article VII, sec. 7-101, thereof provides as follows:

"Appointment, promotion, suspension and dismissal of employees shall be made by the heads of the respective departments, and the respective boards and commissions. All appointments and promotions to positions in the personnel system shall be made in accordance with the personnel system regulations, and any dismissal or demotion after the completion of the required probationary period of service, or suspension from service, shall be for cause and in accordance with the provisions of this charter."

As stated, the petitioner was dismissed by William G. Carden, acting tax assessor. But the latter's immediate superior as head of the tax assessing division was Joseph P. Clark, acting director of finance. Moreover, James A. Kenny was the personnel director. Each of the heads of these departments testified that he did not discharge petitioner and had nothing to do with his "firing." In these circumstances the dismissal of petitioner was made by an unauthorized official and was illegal. Moreover, since such dismissal was made neither by the head of the department nor by the personnel director, there appears to be no provision in the charter for appeal to the personnel board.

The respondents' second contention is not entitled to consideration in this proceeding. There is no evidence in the record before us to support their claim in argument that

petitioner's former position has been abolished by reclassification or reorganization. This is not an original action before this court. It is here on an appeal from the order of a justice of the superior court and we review such action only on the basis of the evidence available before such justice.

We have carefully considered the record, briefs and arguments and we cannot say that the decision of the trial justice was clearly wrong. Therefore we cannot disturb the judgment based thereon.

The respondents' appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

BAKER, J., did not participate in the decision.

*Michaelson & Stanzler, Julius C. Michaelson,* for petitioner.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Ass't City Solicitor, for respondents.