299 A.2d 175.

FRANCES JONEK *et al. vs.* JOHN M. GROMADA.

JANUARY 22, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. · The plaintiffs, as co-administrators of the estate of Frank Gromada, deceased, brought this action to recover the proceeds of a savings account established by the decedent in 1961 and standing in the name of "Frank Gromada or John Gromada payable to either or the survivor" at decedent's death, at which time the passbook was in the possession of John Gromada. The plaintiffs allege that the decedent had the defendant's name put on said account for convenience only and that no gift "in praesenti" was effected. The defendant denied that his name was added to the account for convenience only. After a hearing in the Superior Court the trial justice rendered a decision for the defendant. The cause is here on the plaintiffs' appeal from the judgment entered pursuant to such decision.

The facts in this case are not complex. The defendant, the decedent, and plaintiffs are brothers and sisters. It appears from the testimony that decedent and defendant and the latter's wife were very close; that decedent lived alone; that he and defendant and his wife visited with each other frequently; that decedent often had his meals at defendant's home; and that decedent stayed with defendant and his wife subsequent to several hospitalizations and lived with them for eight weeks prior to his last illness. The evidence indicates that decedent was not as close to the other members of his family.

The plaintiffs presented only one witness, the defendant, who was called under the adverse witness statute. He testified in substance that decedent had placed his name on decedent's savings account in the Pawtucket Institution for Savings about two years before he died; that he said at that time that he wanted defendant "to have every-

thing"; that he did not know how long he was "going to last"; that he never made a deposit nor a withdrawal from the account prior to decedent's death; and that only decedent's money was deposited in the account.

The defendant also testified that during the last two years of his life decedent had several illnesses necessitating confinement to the home after being hospitalized and that in all he stayed with defendant and his wife for some seven months during this period and for eight weeks on the last occasion; that he did not have possession of the bankbook until immediately prior to decedent's death; that decedent gave him the book in defendant's home on September 11, 1969, while waiting to be taken to the hospital two days prior to his death, saying, " 'Here, John, I want you to have it because I am on my way out.' " The defendant further testified that he arranged for his brother's funeral and withdrew some of the money to pay the funeral expenses.

In a deposition taken sometime prior to trial defendant stated that he had not had possession of the bankbook prior to decedent's death. When examined on this point, he stated that he understood "prior to Frank's death" to have meant prior to the time he was taken to the hospital, two days before his death on September 13, 1969.

The defendant's wife corroborated her husband's testimony about what happened at her home on September 11, 1969.

The defendant presented several witnesses who testified about the close relationship which existed between the decedent and defendant and his wife.

After reviewing the evidence the trial justice found as a fact that decedent made a valid gift in praesenti of the sum on deposit in the account on September 11, 1969. In so finding he said that he accepted in full defendant's testimony concerning the entire transaction and the circum-

stances under which delivery was made. He also stated that he believed and accepted defendant's explanation that he assumed that the question on the deposition relative to possession of the bankbook meant prior to decedent's final hospitalization, two days before his death. Finally, he found that there was no evidence introduced by plaintiffs to show that decedent placed defendant's name on the bankbook as a convenience, as alleged in the complaint, and he held that under our cases such a showing is requisite to establishing a prima facie case. He concluded that plaintiffs had not sustained the burden of proof imposed upon them by law.

The plaintiffs contend that the trial justice erred in ruling that they did not prove a prima facie case, and in entering judgment for defendant. They concede that the law in this state is as set out in *Flynn* v. *Byrne,* 82 R. I. 48, 53-54, 105 A.2d 800, 803 (1954), where the court said:

> "Under our law governing such accounts the form of the account is prima facie evidence of the ownership thereof by the survivor upon the death of the other joint owner. (cites omitted) The form, however, is not controlling. (cite omitted) It may be rebutted by evidence tending to show that the name of the survivor was added to the account by the original owner for his convenience and not with the intention of making a gift of an interest therein to the survivor or that the original owner's intention was to vest an interest in the survivor only after the owner's death. There are numerous cases in our reports where the question at issue was whether the evidence was sufficient to establish one or the other of those reasons for the form of the account and thus avoid its effect. But we are aware of no case where, in the absence of such evidence, the form of the account has been held insufficient to establish ownership in the survivor."

They argue in substance that certain inconsistencies and contradictory statements in defendant's testimony supplied " * * * evidence tending to show that the name of the sur-

vivor was added to the account by the original owner for his convenience and not with the intention of making a gift of an interest therein to the survivor or that the original owner's intention was to vest an interest in the survivor only after the owner's death." *Id.* at 53-54, 105 A.2d at 803. This argument is without merit. Even if we assume that defendant made inconsistent and contradictory statements, the trial justice had the right to accept as true defendant's statement that decedent gave him the bankbook on September 11, 1969, and told defendant that he wanted him to have it because he was on his way out. In accepting this part of defendant's testimony, the trial justice necessarily rejected any other statements made by defendant inconsistent with the testimony he accepted. *Compare DiMaio v. Del Sesto,* 102 R. I. 116, 121-22, 228 A.2d 861, 864 (1967). He had the right to accept such portions of defendant's testimony as he thought were correct and credible. Nor is there any merit to plaintiffs' contention that the trial justice overlooked the following question and answer:

"Q In answer to Mr. Gagnon's question about possession, you said you didn't feel it was yours until he died; you didn't feel you had possession until he died?

* * *

"A Well, naturally it wasn't mine until he died, that was his, that was his money; but if he told me to take it after he died, naturally it becomes mine, doesn't it?"

The fact that the trial justice did not refer to this question and answer in his decision is of no significance, since he referred to the testimony on which he relied and explained his reasons for accepting such testimony. The important factor in this type of case is the donor's intent, not the donee's thoughts. *Moses v. Wilkinson,* 90 R. I. 253, 259, 157 A.2d 478, 481 (1960). On this issue, as we said above, the trial justice made express findings of fact that

decedent caused his bank account to be listed in his own name and that of defendant, that it was payable to the survivor of them, and that he made a valid gift in praesenti of the sum on deposit in the account on September 11, 1969. In making this finding he expressly stated that he accepted defendant's testimony in full concerning the entire transaction, his account of the delivery, the words used and the circumstances under which delivery was accomplished. His findings are not clearly wrong and therefore will not be disturbed by this court. *Pearlman* v. *Campaloni,* 96 R. I. 145, 149, 190 A.2d 7, 10 (1963); *Walther* v. *McOsker,* 87 R. I. 386, 391-92, 142 A.2d 128, 130-31 (1958).

The remaining contentions made by plaintiffs are so lacking in merit that we summarily dispose of them without discussion.

In closing we summarize as follows. The form of the account is prima facie evidence of the ownership thereof by the defendant. The plaintiffs have failed to present any competent evidence to show that the defendant's name was added to the savings account for decedent's convenience and not with the intention of making a gift of an interest therein to the survivor, or that the original owner's intention was to vest an interest in the survivor only after the owner's death. *Flynn* v. *Byrne, supra. See State* v. *Lutye,* 109 R. I. 490, 496, 287 A.2d 634, 638 (1972).

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

*Norman L. Grant,* for plaintiffs.

*Blais, Cunningham, Thayer, Gagnon & Ross, Ronald R. Gagnon,* for defendant.