375 A.2d 404.

AUGUSTO AMBROSINO *vs.* JOSEPH BEVILACQUA, *Director Department of Mental Health, Retardation and Hospitals.*

JUNE 9, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is an appeal from a judgment entered in the Superior Court denying the plaintiff's claim for a writ of mandamus to compel his reinstatement in his former position with the Department of Mental Health, Retardation and Hospitals.

The plaintiff Ambrosino was dismissed from his position as a plumber in the division of Physical Plant and Engineering Services on October 10, 1972, for allegedly assaulting a fellow employee. The Personnel Appeal Board found for the state but — taking notice of the fact that plaintiff was then over 60 years of age and might have difficulty in finding other employment — reduced his dismissal to a 30-day suspension and a year's leave without pay.

On November 16, 1973, plaintiff was directed by the divisional engineering superintendent, in a registered letter, to return to his position as a plumber with the division. The plaintiff, however, never did return to work, according to the testimony of both the superintendent and the foreman to whom he was expected to report, and his position remained vacant up to and including the time of trial.

More than a year later, on June 6, 1975, plaintiff filed a complaint seeking a writ of mandamus to compel his reinstatement. After a hearing before a justice of the

Superior Court, sitting without a jury, plaintiff's claim was denied and judgment was entered for defendant. The trial justice based his decision on the express finding that plaintiff had not made a bona fide attempt to return to work. The plaintiff is now before us in respect to our order to show cause why this appeal should not be dismissed because the decisive issue is one of fact and there appears to be evidence which supports the findings of the trial justice.

At the outset we note that an action to obtain a writ of mandamus is governed procedurally in the Superior Court by Super. R. Civ. P. 81(d), the writ there being no longer prerogative in nature as it is in this court, but that the legal sufficiency of a complaint in such an action is tested in both courts by the same substantive standards. *Warren Educ. Ass'n v. Lapan,* 103 R.I. 163, 167, 235 A.2d 866, 869 (1967); *Demers v. Shehab,* 101 R.I. 417, 420, 224 A.2d 380, 381-82 (1966). Measured by the standards previously applied we find that plaintiff has made a proper application for relief since it is settled law that in appropriate circumstances, where the factual findings warrant it, mandamus will lie to compel an employee's restoration to public employment. *McKinnon v. Housing Authority,* 114 R.I. 686, 688, 338 A.2d 517, 518 (1975); *Aniello v. Marcello,* 91 R.I. 198, 202, 162 A.2d 270, 272 (1960); *Conley v. McCarthy,* 84 R.I. 141, 145-46, 121 A.2d 875, 877 (1956). It is, however, equally well-settled that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this court on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Raheb v. Lemenski,* 115 R.I. 576, 579 350 A.2d 397, 399 (1976); *Shoor-Elias Glass Co. v. Raymond Constr. Co.,* 114 R.I. 714, 717, 339 A.2d 250, 253

(1975); *Palazzi* v. *State,* 113 R.I. 218, 227, 319 A.2d 658, 664 (1974).

At the show cause hearing, the plaintiff was unable to direct our attention to any errors or abuse of discretion on the part of the trial justice and our own survey of the record has failed to convince us that the denial of the writ was clearly wrong. In circumstances such as this the plaintiff's failure to make a bona fide attempt to return to work was tantamount to a refusal and precluded a later right to reinstatement. *See Bonn Hennings Logging Co.* v. *NLRB,* 308 F.2d 548 (9th Cir. 1962); 51A C.J.S., *Labor Relations* §632 at 826 & n.49. *Contrast NLRB* v. *Lightner Pub. Corp.,* 128 F.2d 237 (7th Cir. 1942). We therefore do not disturb the judgment. *Conley* v. *McCarthy, supra* at 145-46, 121 A.2d at 877.

The plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Giovanni Folcarelli,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *J. Peter Doherty,* Special Asst. Attorney General, *Seth Adam Perlmutter,* Legal Assistant, for defendant.