397 A.2d 524.

CARMELINA NOCERA, *Administratrix vs.* EVA LEMBO.

FEBRUARY 7, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.  Carmelina Nocera (plaintiff), administratrix of her father's estate, brought this action against her sister, Eva Lembo (defendant), to recover funds held in a joint banking account. Before his death, Emilio Ricci (Ricci), their father, had established the account payable to either Emilio Ricci or Eva Ricci Lembo, or to the survivor of them. The defendant attempted to prove that the account was a valid gift *in praesenti.* To that effect she testified that her father gave her the bankbook before he went to the hospital, where he eventually died. In rebuttal, the plaintiff testified that her father added the name of the defendant to the account to facilitate his own dealings with the bank, particularly as the defendant personally handled their father's transactions.

Sitting without a jury, the trial justice stated that he did not believe defendant when she testified that her father had made her a gift of the bankbook when he went to the hospital. In concluding that defendant had failed to sustain her burden of proving that the bank account was indeed a fully executed inter vivos gift, the trial justice found that the joint account was established for Ricci's convenience and that he intended his three daughters to share equally in his estate after his death. We agree.

The defendant contends that the trial justice erred in not recognizing the existence of the joint bank account as prima

218

facie evidence of a gift. She also argues that the trial justice erred in finding that plaintiff sustained her burden of proving that Ricci established the joint account solely for his own convenience.

It has been our practice not to disturb the findings of fact of a trial justice sitting without a jury unless those findings are clearly wrong, or the trial justice misconceived or overlooked material evidence on a controlling issue. *State* v. *Eckert,* 120 R.I. 560, 570, 389 A.2d 1234, 1239-40 (1978); *Ambrosino* v. *Bevilacqua,* 118 R.I. 369, 371, 375 A.2d 404, 405 (1977). It is the function of the trial court, not the appellate court, to ascertain the relative merit of testimony introduced at trial. *Raheb* v. *Lemenski,* 115 R.I. 576, 579, 350 A.2d 397, 399 (1976). Because the trial justice has the opportunity to see and hear the witnesses, his findings on conflicting evidence are entitled to great weight. *Walther* v. *McOsker,* 87 R.I. 386, 392, 142 A.2d 128, 131 (1958).

The law of gifts provides that the burden of establishing a gift inter vivos is upon the one claiming the gift. Generally, the claimant must prove that the donor intended to make a present transfer of exclusive ownership and control over the subject matter of the alleged gift to the claimant. *Pearlman* v. *Campaloni,* 96 R.I. 145, 148, 190 A.2d 7, 9 (1963); *Walther* v. *McOsker,* 87 R.I. at 393, 142 A.2d at 131. However, the claimant's burden of proof of the alleged gift is palliated when the gift in question is in the form of a joint bank account. In such a case, the form of the account constitutes prima facie evidence of ownership in the survivor upon the death of the other joint owner. *Jonek* v. *Gromada,* 111 R.I. 79, 82, 299 A.2d 175, 177 (1973), *citing Flynn* v. *Byrne,* 82 R.I. 48, 53-54, 105 A.2d 800, 803 (1954); *see Raferty* v. *Reilly,* 41 R.I. 47, 50, 102 A. 711, 712 (1918).

Prima facie evidence, if unrebutted, is sufficient to satisfy the burden of proof on a particular issue. *State ex rel. State Department of Public Health & Welfare* v. *Hogg,* 466 S.W.2d 167, 170 (Mo. Ct. App. 1971). The form of a jointly held account is, however, not controlling. The nature of such

an account may be rebutted by evidence showing that the original owner of the bank account added the name of the survivor merely for the sake of convenience, without intending to make a gift of the account to the named survivor. *Jonek v. Gromada,* 111 R.I. at 82, 299 A.2d at 177. Faced with conflicting evidence, the trier of fact weighs the prima facie evidence with all of the other probative evidence presented. *State v. Lutye,* 109 R.I. 490, 496, 287 A.2d 634, 638 (1972).

In the case before us, the plaintiff introduced rebutting evidence tending to show that the account was established as a convenience. Therefore, the defendant, who could no longer rely on the prima facie evidence to satisfy her burden of persuasion as a matter of law, was forced to prove by clear and satisfactory evidence that the joint account was indeed meant to be a gift. *Slepkow v. Robinson,* 113 R.I. 550, 553, 324 A.2d 321, 324 (1974). *See In re Taylor,* 295 F. Supp. 545, 552 (W.D. Va. 1968). Presented with what had evolved into a question of credibility, the trial justice, unconvinced by what he deemed the "evasive and forgetful" testimony of the defendant, found that she had failed to sustain her burden of proof. Upon the record before us, we cannot say that the trial justice misconceived or overlooked material evidence in making his findings or that his findings are clearly erroneous. *See State v. Eckert,* 120 R.I. at 570, 389 A.2d at 1239-40; *Ambrosino v. Bevilacqua,* 118 R.I. at 371, 375 A.2d at 405. Although the trial justice failed to mention expressly the rule that a joint account is prima facie evidence of a gift, our reading of the record indicates that the trial justice did not overlook the form of the joint account in his deliberations.

The defendant's appeal is denied and dismissed, the judgment appealed from is sustained, and the case is remanded to the Superior Court for further proceedings.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for plaintiff.

*Lembo, DeCesare & Grogan, Donald R. Lembo,* for defendant.