## BERTHOD REALTORS, INC.

v.

## J.W. RIKER–NORTHERN RHODE ISLAND, INC.

### No. 93–222–Appeal.

Supreme Court of Rhode Island.

Feb. 14, 1994.

Paul D. Gould, Arman P. Jarret, Jr., North Smithfield, for plaintiff.

Gary Hogan, Cumberland, for defendant.

### OPINION

PER CURIAM.

This appeal came before the Supreme Court pursuant to an order directing the plaintiff, Berthod Realtors, Inc., to show cause why its appeal should not be denied and dismissed.

After hearing the arguments of counsel on January 24, 1994, and reviewing the memoranda filed by the parties, we are of the opinion that cause has not been shown.

At issue is the payment of a real estate broker's commission of $8,850 that plaintiff claims it earned from the sale of a Woonsocket residence. J.W. Riker–Northern Rhode Island, Inc. (defendant), claims a one-half interest in said commission. The plaintiff alleges that it agreed to split a commission with a cooperating broker representing the seller of the property but not to split a fee with any broker who represented a buyer. The plaintiff further alleges that defendant represented the buyer in the sale at issue.

The plaintiff's position was supported by the Greater Woonsocket Board of Realtors Grievance Committee, but an arbitration panel of the Rhode Island Association of Realtors (Realtors), to which defendant appealed, awarded defendant one-half the commission proceeds. That decision was upheld on a procedural review by the Realtors, following which plaintiff filed a complaint in Superior Court to stay and vacate the award. The trial justice upheld the award, and plaintiff appealed to this court.

In *City of Pawtucket v. Pawtucket Lodge No. 4, Fraternal Order of Police*, 545 A.2d 499, 503 (R.I.1988), this court held: "It is a well-established proposition that our judicial authority to overturn an arbitrator's award is limited. Absent a manifest disregard of a contractual provision or a completely irrational result, the award will be upheld." Moreover, this court has consistently held that "the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this court on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence." *Ambrosino v. Bevilacqua*, 118 R.I. 369, 371, 375 A.2d 404, 405 (1977).

Our review of the record reveals no clear error in either the arbitration or the

Superior Court proceedings, although our review of the arbitration hearing was limited by the absence of a complete transcript.

Consequently we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court.