DECISION
The Plaintiff, James B. Geary, requests a declaratory judgment finding that the Defendant, Helen St. Amant, wrongfully removed money from bank accounts held jointly with Irene Brown ("Decedent"), an injunction preventing the Defendant from removing more money, and an order compelling the Defendant to return the money already removed from the accounts. Jurisdiction is pursuant to G.L. 1956 (1985 Reenactment) § 9-30-1.
I.
The Defendant held several bank accounts in joint from with Irene Brown, the Decedent, and Rita Mauro, a woman who predeceased Irene Brown. The Decedent died on November 18, 1993 while a substantial amount of money was still contained in the joint bank accounts. The Decedent died intestate.
The Defendant was the informant on the Decedent's death certificate and also made all the arrangements for the Decedent's wake and funeral. The Plaintiff, a first cousin of the Decedent, discovered the Decedent's death about five (5) months after her funeral. On May 27, 1994, the Plaintiff was appointed the administrator of the Decedent's estate.
Between November 19, 1993 and June 30, 1994, the Defendant withdrew funds from the joint bank accounts. According to the Plaintiff, said withdrawals total in excess of Three Hundred Sixty Thousand Dollars ($360,000). A large portion of these funds have been placed in bank accounts under the names of the Defendant's children and grandchildren.
On November 14, 1994, a hearing was held on Plaintiff's Motion for Preliminary Injunction.
II.
In order for the Defendant to possess rights in the deposits in the Decedent's bank accounts, the Decedent must first make a gift in praesenti. Such a gift requires a showing "that the donor intended, in praesenti, to divest herself of the exclusive ownership and control over the subject matter of the alleged gift and to vest such ownership and control in the claimant." Wyatt v. Moran, 81 R.I. 399, 403, 103 A.2d 801, 803 (1954). The claimant must establish this showing by clear and satisfactory evidence. Id. A gift intended to take effect only after the death of the donor is a testamentary disposition and such a disposition must comply with the applicable rules in order to be effective. See G.L. 1956 (1984 Reenactment) § 33-5-5. In the case at bar, the Defendant, as the claimant of a gift inpraesenti, has failed to establish her burden.
Although the form of a joint account is usually "prima facie evidence of the ownership thereof by the survivor upon the death of the other joint owner," Flynn v. Byrne, 82 R.I. 48, 53,105 A.2d 800, 803 (1954), this evidence may be rebutted by other evidence "tending to show . . . that the original owner's intention was to vest an interest in the survivor only after the owner's death." Id.; See also Jonek v. Gromada, 111 R.I., 79, 299 A.2d 175 (1973). The record in this case shows substantial evidence indicating the Decedent's intent was to create only a testamentary disposition and not a gift inpraesenti. All of the money in the joint bank accounts belonged to the Decedent, and only the Decedent's social security number was placed on the accounts. Furthermore, only the Decedent claimed the interest and paid the taxes on the accounts. Moreover, the Defendant never had possession of the bank books during the Decedent's life; the Defendant only gained possession of the books by taking them from the Decedent's purse after the Decedent had died. The only banking the Defendant did in conjunction with the accounts was occasionally to cash the Decedent's social security check and to deposit funds in the Decedent's accounts. All of these banking transaction took place under the Decedent's directions. Thus, at no time did the Decedent give the Defendant the authority or power to exercise unlimited control over the bank accounts, nor is there any indication on the record that such control was intended to be granted by the Decedent. This evidence, when examined in its totality, rebuts the prima facie evidence established by the form of the joint accounts and transfers the burden to the claimant to prove a gift in praesenti by clear and satisfactory evidence. No such evidence has been presented to this Court.
Because the Defendant failed to present clear and satisfactory evidence proving a gift in praesenti, this Court finds that the Decedent intended a testamentary disposition through the use of joint bank accounts. A testamentary disposition must comply with R.I.G.L. § 33-5-5 which requires a written will signed by the testator in the presence of two or more witnesses. As the joint bank accounts do not comply with this section, no testamentary disposition was executed.
This Court hereby declares that the Defendant wrongfully removed funds from the joint bank accounts which were intended as a testamentary disposition, but which failed to comply with the applicable requirements. The Defendant has rapidly used these funds which she took from the joint bank accounts. When this dissipation of funds is viewed in connection with the Defendant's minimal resources, it is clear that the Plaintiff has no adequate remedy at law and an injunction is appropriate in this case. Accordingly, this Court grants Plaintiff's request for an injunction. The Defendant is hereby ordered to desist from withdrawing any more funds from the joint bank accounts and to return to the accounts the amounts already withdrawn.
Counsel shall prepare and submit the appropriate orders for entry.