Richard GARGANTA

v.

MOBILE VILLAGE, INC. et al.

No. 97–645–Appeal.

Supreme Court of Rhode Island.

May 14, 1999.

Robert Senville, Rumford, for Plaintiff.

Richard Garganta, Pro Se.

Peter Olsen, Wickford, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This case came before the Supreme Court on April 13, 1999, pursuant to an order directing the parties to show cause why the issues raised in this appeal of the plaintiff, Richard Garganta, should not be summarily decided. After hearing the arguments of counsel for the defendant and from counsel specially authorized by the plaintiff to argue this case and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown. Therefore, we shall proceed to decide the appeal at this time.

The plaintiff rented space for his mobile home at defendant trailer park, Mobile Village, Inc. (Mobile Village). Laura Kul-sic and Jin Kulsic are the owner and president, respectively, of defendant corporation and were named defendants in the Superior Court action on which this appeal is based.

According to Mobile Village, in August 1997, it brought an action in the District Court to evict plaintiff for non-payment of rent. According to plaintiff, this eviction was in retaliation for his representation of a group of mobile home owners who complained about conditions in the park and for his own allegedly lawful withholding of rent. The District Court awarded Mobile Village $947.28 in damages by judgment entered August 27, 1997. An execution for trespass and eviction was issued on September 4, 1997. General Laws 1956 § 34-18-48 states that "[i]f no appeal is claimed, and if the judgment has not been satisfied, execution shall be issued on the sixth (6th) day following judgment." No appeal was timely filed, and plaintiff was evicted from Mobile Village on September 11, 1997. In a motion for relief from judgment dated September 5, 1997, plaintiff explained that his appeal was not timely filed due to "health problems," "inclement weather," and "holiday." It is uncontroverted that plaintiff did not file an appeal during the specified appeal period in accordance with § 34-18-48. The plaintiff sought review in this Court, which denied his petition for certiorari and his request for a rehearing.

On September 15, 1997, plaintiff filed a complaint in the Superior Court seeking damages for extortion and retaliation. He also filed a motion for a temporary restraining order to prevent defendants from taking "any further action beyond the action taken on 9-11-97 in the unlawful eviction[.]" Presumably, plaintiff sought the temporary restraining order to prevent defendants from removing his trailer from Mobile Village. The trial justice denied plaintiff's request for a temporary injunction, but ordered Mobile Village to allow

plaintiff to enter the trailer to inspect the interior and remove personal items.[1]

Although plaintiff's request for injunctive relief was denied, his request for damages had not yet been addressed. The defendants moved to dismiss pursuant to "12(b), of the Superior Court Rules of Civil Procedure," arguing that plaintiff could have raised the issue of retaliatory eviction as a defense in the original District Court action and that his failure to do so barred him from raising it at any subsequent time.[2] The defendants also argued that plaintiff had purposefully chosen to bring the Superior Court action, rather than directly appealing his loss in the District Court, in order to circumvent a statutory requirement that he pay rent during the pendency of the District Court appeal.

At a hearing on November 17, 1997, the trial justice ruled that her jurisdiction was limited to the injunctive relief requested, which she had already denied, and noted that she would not act "as an appellate court for the eviction[.]" The trial justice granted defendant's motion to dismiss, and plaintiff filed the notice of appeal now before us.

On appeal, plaintiff argued that the trial justice erred in granting defendant's motion to dismiss, but he failed to provide this Court with any argument in support of his position that the Superior Court had jurisdiction to consider plaintiff's claims for damages. The plaintiff argued that his eviction from Mobile Village was retaliatory because he was a spokesperson for the tenants' association there. He argued further: that he had not been allowed to present a defense in the District Court action; that it was improper for the trial justice in the Superior Court to have dismissed his suit for extortion and retaliation prior to discovery; and that he had been

denied his constitutional rights of "redress" and due process. All plaintiff's claims and arguments are inextricably intertwined with the original District Court action that resulted in plaintiff's eviction.

The defendants argued that the trial justice acted properly and again alleged that plaintiff for strategic reasons had chosen not to appeal the District Court action that resulted in his eviction. The defendants claimed that by bringing the action in the Superior Court, plaintiff was trying to circumvent § 34–18–53, which allows an appeal in an action for recovery of real property to be dismissed for failure to pay rent as it becomes due during the pendency of the appeal. Further, defendants argued, as a statutory matter, a claim of retaliatory eviction may not form the basis for an independent action, and may be pleaded only as a defense in an action for possession. The defendants also alleged that all plaintiff's claims that were not raised in the original action should have been dismissed as compulsory counterclaims to the original action and that those claims that were actually litigated in the District Court were barred from further litigation as a matter of law.

■ Because the procedural history of this case is somewhat complicated, it is important to clarify that the action we are reviewing is the Superior Court's granting of defendants' motion to dismiss. We shall affirm if a plaintiff would not be entitled to relief from a defendant under any set of facts that could be proven in support of the plaintiff's complaint. *Builders Specialty Co. v. Goulet*, 639 A.2d 59, 60 (R.I.1994).

■ First and foremost, we are of the opinion that plaintiff's claims are barred because he failed timely to appeal the District Court's execution for trespass and

---

1. In the record there are two signed orders, one dated September 29, 1997, and the other dated October 1, 1997. Apparently, the earlier order had been prepared by defendants, but plaintiff found it to be unsatisfactory and submitted his own order, which the trial justice signed.

2. Presumably defendants were referring to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, which allows the Superior Court to dismiss a pleading for "failure to state a claim upon which relief can be granted."

eviction. The proper remedy for a party aggrieved by a judgment for trespass and eviction pursuant to § 34–18–35 is to file an appeal with the Superior Court pursuant to § 34–18–47, which directs a litigant to bring appeals under G.L.1956 § 9–12–10.1. Section 9–12–10.1 provides that "[i]n any civil action pursuant to chapter 18 of title 34, in the district court or other appropriate court, any party may cause the case to be removed for trial * * * by claiming an appeal * * * within five (5) days after the judgment is entered * * *." The plaintiff missed this deadline, thus waiving his right to appeal the eviction. Therefore, the Superior Court trial justice was correct to rule that she lacked jurisdiction to consider plaintiff's allegations.

Additionally, all plaintiff's claims on appeal are intertwined with the facts that gave rise to the original eviction action, and his arguments each fall into one of two categories: (1) arguments that were made in the original action, or (2) arguments which could have been made in the original action. It is our opinion that in the first instance, plaintiff's claims are barred by the doctrine of collateral estoppel as claims that were actually litigated in the District Court. In the second instance, plaintiff's claims are barred by the doctrine of res adjudicata as claims that could have been raised in the District Court action or in any appeal therefrom to the Superior Court.

█ The plaintiff is barred from raising any of the same claims that were actually litigated in the original action at this stage in the proceedings. The doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *State v. Hie,* 688 A.2d 283, 284 (R.I.1996) (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970)). In the instant case, the District Court judge ruled in favor of Mobile Village and ordered plain-

tiff's eviction. No appeal was taken from the decision of the District Court. For collateral estoppel to apply, three requirements must be met. "[T]here must be an identity of issues[,] the prior proceeding must have resulted in a final judgment on the merits[,] and the party against whom collateral estoppel is sought must be the same as or in privity with a party in the prior proceeding." *Hie,* 688 A.2d at 284. Each of these requirements is satisfied in this case, and therefore, plaintiff's claims, insofar as they were litigated previously, were barred from being raised in the Superior Court action.

█ Moreover, those claims that plaintiff raised in the Superior Court action that he did not raise in the original eviction action were compulsory counterclaims. In *Faerber v. Cavanagh,* 568 A.2d 326, 328 (R.I.1990), this Court defined a compulsory counterclaim as one that "arises from the same transaction or occurrence that is the subject matter of plaintiffs complaint and does not require the presence of third parties over whom the court cannot acquire jurisdiction for its adjudication." We noted that if what is determined to be a compulsory counterclaim is not pleaded in the original action, a litigant will be "barred from further litigating the claim." *Id.* In the instant case, plaintiff's allegations arose out of the same occurrence that formed the basis for the District Court action, namely, plaintiff's failure to pay rent. The plaintiff's allegations did not require the presence of any third parties over whom that court could not have acquired jurisdiction. Therefore, any allegations made by plaintiff in the Superior Court that were not raised in the District Court amount to compulsory counterclaims.

█ The doctrine of res adjudicata, "[w]hen invoked, * * * makes a prior judgment in a civil action between the same parties conclusive with regard to any issues that were litigated in the prior action, or, that could have been presented

and litigated therein." *ElGabri v. Lekas,* 681 A.2d 271, 275 (R.I.1996). The doctrine "serves as an 'absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.' " *Id.* (quoting *Gaudreau v. Blasbalg,* 618 A.2d 1272, 1275 (R.I.1993)). "[T]he preclusive effect [applies to] * * * 'all or any part of the transaction, or series of connected transactions, out of which the action arose.' " *Id.* at 276. Res adjudicata extinguishes a litigant's claims even if that party is "prepared in a second action to present evidence or grounds or theories of the case not presented by the plaintiff in the first action, or to seek remedies or forms of relief not demanded in that action." *Id.* Consequently, plaintiff is barred from bringing any claims which should have been made in the original eviction action. The trial justice could not properly consider any of plaintiff's claims and was correct in granting defendants' motion to dismiss the case. We have considered plaintiff's other arguments and find them to be without merit.

For these reasons, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court to which we remand the papers in this case.