**Susan TAYLOR et al.**

v.

**DELTA ELECTRO POWER, INC.**

**No. 98–331–Appeal.**

Supreme Court of Rhode Island.

Dec. 2, 1999.

Arnold N. Montaquila, Providence, for plaintiff.

John B. Lawlor, Jr., Providence, Daniel V. McKinnon, Pawtucket, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Delta Electro Power, Inc. (Delta), appeals from a Superior Court judgment in favor of the plaintiff, Susan Taylor (Taylor). Delta claims that the trial justice erred by confirming an arbitration award, pursuant to G.L.1956 § 10–3–11, in favor of Taylor. We ordered the parties to show cause why we should not summarily decide the issues presented on appeal. No cause having been shown, we proceed to decide the issues before us.

In 1993, Delta purchased the assets of East Bay Electro Power (East Bay). Taylor, an owner of East Bay, entered into a three-year employment contract with Delta. Taylor was given the position of general manager. Thereafter, tensions developed between Taylor and Delta concerning the scope of her job responsibilities. Tay-

lor then terminated her employment with Delta and demanded arbitration pursuant to her employment contract. Taylor also applied to the Department of Employment and Training Board of Review (the board) for unemployment benefits. Following a hearing, the board found that Delta did not breach its employment contract with Taylor and that Taylor left her position voluntarily, without good cause attributable to Delta. On appeal, the board's decision was affirmed by the Sixth Division District Court.

Taylor's claim for breach of contract was also heard before an arbitrator. The arbitration commenced on December 5, 1995, and on May 10, 1996, the arbitrator issued an initial award of $25,000 in favor of Taylor. Following post-arbitration motions by Delta concerning the issue of Taylor's failure to mitigate damages, the award was reduced to approximately $16,000. Taylor subsequently filed a complaint in Superior Court, pursuant to § 10–3–11, to confirm the award. The Superior Court confirmed the award and entered judgment in favor of Taylor.

On appeal, Delta argues that the Superior Court trial justice erred by refusing to vacate the arbitrator's award. Delta claims that the arbitrator manifestly disregarded the law of collateral estoppel, was evidently partial to Taylor, and refused to hear pertinent evidence of Taylor's failure to mitigate damages.

■ "As a preliminary matter we acknowledge that judicial authority to review or to vacate an arbitration award is limited." *Rhode Island Council 94, AFSCME, AFL–CIO v. State*, 714 A.2d 584, 587 (R.I. 1998). "[T]his Court has held that an arbitration award may be vacated when the arbitrators manifestly disregarded the law or the contract or when the arbitration award was completely irrational." *Prudential Property and Casualty Insurance Co. v. Flynn*, 687 A.2d 440, 442 (R.I.1996) (citing *Berthod Realtors, Inc. v. J.W. Rik-*

*er–Northern Rhode Island, Inc.*, 636 A.2d 1328, 1328 (R.I.1994)).

■ Pursuant to § 10–3–11, a trial justice is required to confirm an arbitration award unless it can be demonstrated that the award should be vacated pursuant to the grounds set forth in § 10–3–12. For purposes of this appeal those statutory grounds include evident partiality on the part of the arbitrator in favor of one party and the arbitrator's refusal to hear pertinent evidence. Further, it is well settled that the findings of a trial justice sitting without a jury are entitled to great deference and will not be disturbed on appeal unless it can be shown that the trial justice was clearly wrong or misconceived or overlooked material evidence. *Flynn*, 687 A.2d at 442.

■ Here, the trial justice found that the arbitrator was not collaterally estopped from deciding Taylor's breach of contract claim. We have held that for collateral estoppel to apply, three requirements must be met. *Garganta v. Mobile Village, Inc.*, 730 A.2d 1, 4 (R.I.1999). "[T]here must be an identity of issues[,] the prior proceeding must have resulted in a final judgment on the merits[,] and the party against whom collateral estoppel is sought must be the same as or in privity with a party in the prior proceeding." *Id.* (quoting *State v. Hie*, 688 A.2d 283, 284 (R.I.1996)).

■ The record indicates that the arbitrator's award preceded the District Court decision. Indeed, the trial justice noted in his decision that "the final District Court decision was rendered after the arbitrator herein rendered his award with respect to liability." Further, the trial justice found that "the factual issues before the Board and the Court in the employment security matter are not the same issues in the arbitration matter." As a result, the arbitrator could not have been collaterally estopped from deciding Taylor's breach of contract claim under the factors we set forth in *Hie*. Thus, we cannot say the trial justice erred in finding that the law of collateral estoppel had no application to the arbitrator's award.

■ Delta also argues that the arbitrator was evidently partial to Taylor and refused to hear pertinent evidence of her failure to mitigate damages by not looking for new employment after she left Delta. We conclude that these arguments are also without merit. "The burden of proving facts that would establish a reasonable impression of partiality rests with the party challenging an award." *Aetna Casualty & Surety Co. v. Grabbert*, 590 A.2d 88, 96 (R.I.1991) (citing *Sheet Metal Workers International Association Local Union # 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir.1985)). Here, the trial justice found that, despite the acrimonious nature of the arbitration proceeding, Delta "failed to establish by any appropriate quantum of proof its allegations of partiality or favoritism." The record before us indicates that the arbitrator gave Delta more than sufficient opportunity to present its case, even going so far as to allow Delta a post-arbitration hearing concerning the issue of mitigation of damages. The record indicates that the testimony at this hearing, certainly pertinent to the mitigation issue, eventually led to a reduction of $9,000 in Taylor's award. Thus, we cannot say that the trial justice clearly erred by finding that Delta failed to meet its burden of showing that the arbitrator was evidently partial to Taylor or that he refused to hear pertinent evidence concerning Taylor's mitigation of damages.

For the foregoing reasons Delta's appeal is denied. The judgment of the Superior Court is affirmed. The papers in this case are remanded to the Superior Court.