## Phoebe L. WHITE

v.

## Elizabeth M. WHITE.

No. 00–416–A.

Supreme Court of Rhode Island.

March 2, 2001.

Maureen E. Dunnigan, Phoenix, AZ.

Donald Lembo, Providence.

## O R D E R

This case is here on the defendant's appeal from a Superior Court judgment in favor of the plaintiff, Phoebe L. White. After a conference before a single justice of this Court, this case was assigned to the full Court for a session in conference in accordance with Rule 12(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the record and the memoranda filed by counsel, we proceed to decide this matter without further briefing or argument.

The parties stipulated the following facts. The plaintiff was a joint tenant with rights of survivorship with her husband, Harold, on two certificates of deposit at Citizens Bank. The plaintiff also held a joint account with her father, James J. Lombardi, with rights of survivorship. After the deaths of her father and husband, the plaintiff added the name of her adopted adult daughter, the defendant, to the accounts of a joint tenant with rights of survivorship. The plaintiff retained possession of the passbook accounts and continued to receive monthly statements of the accounts at her address. The three accounts were listed under the plaintiff's social security number, with all interest reported to the IRS under that number. The monthly interest earned on the accounts was automatically deposited into the plaintiff's checking account. There were no deposits made by the defendant and no withdrawals until December of 1998.

On April 3, 1992, the plaintiff executed a will in which the defendant was named as the plaintiff's sole beneficiary. The will contained a clause that any joint accounts held by plaintiff at the time of her death would be payable to the survivor. The plaintiff also conveyed property she had inherited from her father to the defendant, as well as her own home, reserving a life estate for herself. There was no monetary consideration for the conveyances.

On December 14, 1998, the defendant withdrew $38,716.22 from the joint accounts, without notice to the plaintiff and without her permission. On June 18, 1999, the plaintiff filed a complaint against the defendant alleging conversion of joint bank accounts and seeking the imposition of a constructive trust on the funds. The matter was tried before a justice of the Superior Court, without the intervention of a jury. At the conclusion of the trial, the trial justice rendered a judgment in favor of the plaintiff. He concluded that the defendant's name was added to the joint accounts for convenience only. He also found that the plaintiff did not intend to make a gift of the accounts to the defendant. The judge ordered the imposition of a constructive trust with regard to the funds withdrawn from the joint accounts.

On appeal, the defendant challenges the trial justice's findings and alleges that the record was devoid of any evidence that the accounts were held jointly for convenience only. It is the defendant's assertion that the accounts were gifts and that plaintiff intended, *in praesenti*, to divest herself of exclusive ownership and control over the subject property and to vest such ownership and control jointly. The defendant

contends that our holding in *Robinson v. Delfino,* 710 A.2d 154 (R.I.1998) supports her position. We disagree. In *Robinson* we concluded that the law previously applied to joint bank accounts was "unpredictable and inconsistent, often frustrating the public's common understanding of what it always believed that a joint bank account was intended to accomplish." 710 A.2d at 156. We held that the opening of a joint bank account with rights of survivorship "is conclusive evidence of the intention to transfer to the survivor an immediate *in praesenti* joint beneficial possessory ownership right in the balance of the account remaining *after the death of the depositor,* absent evidence of fraud, undue influence, duress, or lack of mental capacity." *Id.* at 161 (emphasis added). In this case, the intent of the joint owner, the plaintiff, is easily discernible because she is living and able to testify. Therefore, the holding in *Robinson* is not applicable in this case. We have also ruled that *Robinson* was inapplicable where there was an allegation that joint accounts were established for convenience only. *See Bielecki v. Boissel,* 715 A.2d 571, 574 (R.I.1998). Moreover, the defendant has failed to present any evidence that the joint accounts were intended as gifts. *See Nocera v. Lembo,* 121 R.I. 216, 397 A.2d 524, 526 (1979).

This court's review of the findings of a trial justice sitting without the intervention of a jury is extremely deferential. *Palazzolo v. State ex rel. Tavares,* 746 A.2d 707, 711 (R.I.2000). We will not disturb the findings of a trial justice unless it is shown that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Id.* We have carefully considered the record in this case and we conclude that there is nothing in this record to indicate that the plaintiff intended to give her daughter immediate present ownership rights to virtually all of her assets. We conclude that the trial justice's findings that these accounts were for convenience only were correct and supported by the evidence. Therefore, we affirm the judgment of the trial justice, we deny and dismiss the appeal, and we remand the papers in this case to the Superior Court.